IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ABIGAIL N. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; TRANS UNION, | ) | |
| LLC; EQUIFAX INFORMATION | ) | |
| SERVICES LLC; and MEDICREDIT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Abigail N. Hill respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Hill is an individual, a resident of the State of Georgia and a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f). Experian is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court and may be served with process by serving

its registered agent, C. T. Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3. Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f). Trans Union is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Prentice-Hall Corporation Systems, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

4. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company having its principal place of business at 1550 Peachtree Street, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" under 15 U.S.C. 1681a(f). Equifax is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Lisa Stockard, at 1550 Peachtree Street, Atlanta, Fulton County, Georgia 30309.

5. Defendant Medicredit, Inc. ("Medicredit") is a Missouri corporation having its principal place of business at 111 Corporate Office Drive, Suite 200, Earth City, Missouri 63045. Medicredit is a collections agency and furnisher of data to consumer reporting agencies, including Experian, Trans Union and Equifax. Medicredit is authorized to transact business in Georgia and may be

served with process by serving its registered agent, C. T. Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

7. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

## Factual Background

8. In November 2020, Ms. Hill received notice from Credit Karma that derogatory information had been posted to her credit reports.

9. Upon receiving that notice, Ms. Hill promptly obtained copies of her credit reports from Experian, Trans Union and Equifax (collectively, the "CRAs").

10. Upon reviewing her credit reports, Ms. Hill learned that Medicredit had furnished information to the CRAs stating that she owed Novant Medical Group, Inc. and Novant Health Forsyth Medical ("Novant") debts in the amounts of $81, $177 and $352, which were past due, charged off and had been placed for collection (the "alleged Novant Debts").

11. Concerned that her credit scores and ability to obtain credit would be adversely affect by the information Medicredit furnished to the CRAs, Ms. Hill

promptly investigated the alleged Novant Debts. She was informed by Medicredit and by Novant that the alleged Novant Debts related to medical treatment that she alleged received at a hospital called Novant Heath Kernersville Medical Center in Kernersville, North Carolina (the "Hospital").

12.  All of the information that Medicredit provided to the CRAs regarding the alleged Novant Debts was inaccurate. Ms. Hill has never been to, treated at or provided medical care at the Hospital and she otherwise owes no debts to the Hospital or any Novant affiliate, including Novant Medical Group, Inc. and Novant Health Forsyth Medical.

13.  Based on further investigation, Ms. Hill learned that she may be a victim of identity theft and/or Defendants have confused Ms. Hill with another person named Abigail Grace Hill. Ms. Hill's middle name is Nicole and she has never been named or gone by the by the name of Abigail Grace Hill.

14.  After informing Novant of this situation, Ms. Hill was instructed, by Novant, to complete an identity theft affidavit and file a police report, which she did and provided to Novant.

15.  In a further effort to correct the inaccurate and derogatory information that Medicredit had furnished to the CRAs, Ms. Hill repeatedly exercised her rights under 15 U.S.C. § 1681i(a) and disputed the information

furnished by Medicredit regarding the alleged Novant Debts to the CRAs (the "Disputes").

16. In her Disputes to the CRAs, Ms. Hill:

    a. Provided proof of her identity.

    b. Stated that she had never received treatment from the Hospital or any affiliate of Novant and did not owe the alleged Novant Debts and that the information furnished by Medicredit was inaccurate.

    c. Stated that she was the victim of identity theft.

    d. Included a copy of the identity theft affidavit described above.

    e. Included a copy of the police report described above.

17. Since Ms. Hill's Disputes informed the CRAs that she was a victim of identity theft, they were obligated under 15 U.S.C. § 1681c-2 to block all information reported by Medicredit from consumer reports regarding Ms. Hill and notify Medicredit that (i) the information it had furnished may be the result of identity theft, (ii) an identity theft report had been filed, (iii) a block had been requested and (iv) the effective dates of the block.

18. Under 15 U.S.C. § 1681i(a), the CRAs were also obligated to conduct reasonable reinvestigations of Ms. Hill's Disputes, but failed to do so by *inter alia*, failing to consider Ms. Hill's identifying information and the identity theft affidavit and police reports supplied by Ms. Hill.

19. In compliance with 15 U.S.C. § 1681i(a), the CRAs were also required to and did provide notice of the Disputes to Medicredit.

20. Upon receipt of notice of the Disputes from the CRAs, Medicredit was required to conduct reasonable reinvestigations of the Disputes in compliance with 15 U.S.C. § 1681s-2(b).

21. Medicredit failed to conduct reasonable reinvestigations of the Disputes, but failed to do so by *inter alia*, failing to consider Ms. Hill's identifying information, failing to confirm the identity of the person who actually received services at the Hospital (whose name is different than Ms. Hill's), and by failing to consider the identity theft affidavit and police reports supplied by Ms. Hill.

22. Following Defendants' negligent and/or willful failure to conduct reasonable reinvestigations of the Disputes, Medicredit informed the CRAs that the information it had furnished to them regarding the alleged Novant Debts was accurate.

23. Furthermore, the CRAs failed to implement a block on the reporting of information furnished by Medicredit regarding the alleged Novant Debts as required by 15 U.S.C. § 1681c-2.

24. As a result, inaccurate and derogatory information has remained on Ms. Hill's consumer reports.

25. As a proximate result thereof, Ms. Hill has suffered actual damages, including but not limited to credit denials, loss of credit opportunities and emotional distress, including anxiety and fear stemming from, *inter alia*, her concern that the inaccurate and derogatory information on her credit reports will prevent or negatively affect her ability to obtain student loans necessary to complete her education and enroll in graduate school.

### Count 1 – Violation of 15 U.S.C. § 1681i(a) by the CRAs

26. The CRAs negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations of the Disputes as alleged in Paragraph 18 above.

27. As a proximate result thereof, Ms. Hill has suffered and is entitled to recover actual damages as alleged in Paragraph 25 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

28. In the alternative and as a result of the CRAs' reckless and/or willful violations of 15 U.S.C. § 1681i(a), Ms. Hill entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

29. As a result of the CRAs' reckless and/or willful violations of 15 U.S.C. § 1681i(a), Ms. Hill is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

30. Ms. Hill is also entitled to recover her costs or this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

Count 2 – Violation of 15 U.S.C. § 15 U.S.C. § 1681c-2 by the CRAs

31. The CRAs negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681c-2 by failing to place a block on the information reported by Medicredit regarding alleged Novant Debts as alleged in Paragraph 23 above.

32. As a proximate result thereof, Ms. Hill has suffered and is entitled to recover actual damages as alleged in Paragraph 25 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

33. In the alternative and as a result of the CRAs' reckless and willful violations of 15 U.S.C. § 1681c-2, Ms. Hill entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

34. As a result of the CRAs' reckless and willful violations of 15 U.S.C. § 1681c-2, Ms. Hill is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

35. Ms. Hill is also entitled to recover her costs or this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 3 – Violation of 15 U.S.C. § 1681s-2(b) by Medicredit

36. Medicredit negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of the Disputes as alleged in Paragraph 21 above.

37. As a proximate result thereof, Ms. Hill has suffered and is entitled to recover actual damages as alleged in Paragraph 25 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

38. In the alternative and as a result of Medicredit's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Hill entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

39. As a result of Medicredit's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Hill is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

40. Ms. Hill is also entitled to recover her costs or this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Hill respectfully prays that the Court:

1. Issue process to Defendants;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Hill as consistent with the jury's verdict; and,

4. Grant Ms. Hill such other and further relief as it deems just and necessary.

This 24th day of June, 2021.

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

*/s/ Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com
678.999.1105

*Counsel for Plaintiff*